## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

WILLIAM CHRIST BILBAY,    )
                         )
           Plaintiff,    )
                         )
                         )  Case No. CIV-20-083-KEW
                         )
COMMISSIONER OF THE SOCIAL    )
SECURITY ADMINISTRATION,    )
                         )
           Defendant.    )

## OPINION AND ORDER

Plaintiff William Christ Bilbay (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined his RFC and therefore, incorrectly ruled that he was not disabled under the Social Security Act. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

1

Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1]     Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

The Claimant was 53 years old at the time of the ALJ's decision. He had completed a GED and worked in the past as a cement truck driver, contractor, and foundry inspector. Claimant alleges an inability to work beginning on November 1, 2016. He later amended this date to December 1, 2017. He claims his inability to work stems from limitations resulting from spine degeneration, arthritis, disc ruptures at L4-5 and L5-S1, facet arthropathy, spondylosis, anterolisthesis, sciatica, failed low back surgery, and degenerative osteoarthritis of a multitude of joints.

## Procedural History

On December 22, 2017 the Claimant applied for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.)* of the Social Security Act. On January 5, 2018 Claimant also filed an application for supplement security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 3, 2019 ALJ Thomas John Wheeler conducted an administrative hearing by video. Claimant testified from Paris, Texas. On June 7, 2019 ALJ Wheeler entered an unfavorable decision. Claimant requested review by the Appeals Council and the Council denied review on January 1, 2020. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while the Claimant did suffer from severe impairments, he did not meet a listing and retained the residual functioning capacity ("RFC") to perform light work, with additional limitations. (Tr. 24). The ALJ thus concluded that although the Claimant could not return to his past relevant work, he was nevertheless not disabled because he could successfully adjust to other work which was available in the national economy, *e.g.*, cashier, assembler, and cleaner (Tr. 24).

## Errors Alleged for Review

The Claimant asserts the ALJ errored in three ways: (1) by

failing to properly consider all of the Claimant's impairments at step two of the Sequential Evaluation Process; (2) by failing to properly consider the medical source evidence; and (3) by failing to include the non-severe impairments in the RFC.

## Review

In his decision, the ALJ found the Claimant suffered from severe impairments of lumbar degenerative disc disease and osteoarthritis of multiple joints. (Tr. 17). He determined the Claimant could perform light work, with some limitation, as the Claimant was occasionally able to lift, carry, push, and pull twenty pounds; frequently able to lift, carry, push, and pull ten pounds; able to stand and/or walk six hours of an eight-hour workday; and able to sit for six hours of an eight-hour workday. (Tr. 20). He also determined that the Claimant could frequently reach overhead and occasionally kneel and crawl. (Tr. 20).

After consultation with a vocational expert ("VE"), the ALJ determined the Claimant could perform the representative jobs of cashier, assembler, and cleaner, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 24). Therefore, the ALJ concluded the Claimant was not under a disability from December 11, 2017 through the date of the decision. (Tr. 24).

The Claimant first contends that the ALJ did not properly consider all his medical impairments at step two of the sequential evaluation. At step two one must "consider the combined effect of

5

all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004) (*quoting* 20 C.F.R. § 404.1523). But, if the ALJ identifies at least one severe impairment at step two and then continues with the analysis, any error made at this step becomes harmless. *See e.g. Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008)("[n]evertheless, any error here became harmless when the ALJ reached the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence"); *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016)("the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe"). In the case before us, the ALJ found two severe impairments at Step Two. Thus, any error at this step is harmless and need not be addressed by this Court.

## Consideration of Medical Opinions

The Claimant also argues that the ALJ failed to properly consider the medical source evidence. Specifically, that the ALJ improperly picked only the portions of medical evidence that supported his decision and did not give Dr. Ellis's medical source opinions the proper weight. Defendant responds that the ALJ did properly consider Dr. Ellis's opinion and further asserts that by asking the Court to grant Dr. Ellis's opinion the most weight the

6

Claimant is expressly ask the Court to reweigh the evidence. Defendant maintains that the ALJ did properly evaluate Dr. Ellis's opinion and his decision is supported by the evidence in the record.

Dr. Ellis filled out a Physical Residual Function Capacity Assessment Form on January 18, 2018. (Tr. 327-334). This assessment was based off multiple previous appointments that the Claimant had with Dr. Ellis. During these appointments Dr. Ellis observed Heberden's Nodes, swollen MPT joints, neuropathy, and osteoarthritis. (Tr. 320-21; 344; 347-48). At his appointment on January 18, 2018 Dr. Ellis noted that the Claimant's x-rays showed the narrowing of his left big toe MPT joint, collapsed lumbar disc spaces, osteoarthritis spurs throughout his spine and foot. (Tr. 321; 325-26). In the Physical Residual Function Capacity Form, Dr. Ellis notes that the Claimant "frequently has to lie down or sit" and is "unable to make complete fists with either hand." (Tr. 328-44). In March of 2019, Dr. Ellis filled out a Clinical Assessment to reflect his recent additional findings regarding changes in the Claimant's hands and a swollen sternoclavicular joint. (Tr. 440).

The Claimant applied for benefits on or after March 27, 2017, meaning that the medical opinion evidence is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these new standards the ALJ does not "defer or give specific evidentiary weight. . . to any medical opinion(s) . . . including those from

[the claimant's] medical sources." 20 C.F.R. § 404.1520(c)(a). An ALJ considers medical opinions utilizing five factors: (1) supportability, (2) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ must utilize these factors when determining how persuasive he finds the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Generally, when examining medical opinions, the ALJ must only specifically explain how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b). However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

8

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Here the ALJ fails to address why Dr. Ellis's opinions were not supported by the record or his treatment notes. Earlier in his decision the ALJ did address discrepancies in the Claimant's claimed symptoms and Dr. Ellis's examinations but fails to address his observed discrepancies between Dr. Ellis's opinion and the medical evidence. The ALJ found Dr. Ellis's opinion to not be persuasive providing the following explanation:

> Dr. Ellis's opinions . . . are not well supported by the record as a whole, or even by his own treatment notes and therefore, are not persuasive. Both opinions indicate that claimant is unable to stand, walk, and sit more than 2-4 hours total in an 8-hour day. Dr. Ellis further states that claimant cannot lift over 10 pounds and then only occasionally and he is limited in reaching, fingering, handling, and feeling. (Exhibit 2F/11-17). In his opinion, Dr. Ellis specifically stated that claimant

9

can grasp less than occasionally and never perform fine
manipulation with either hand. (Exhibit 12F/2-4).

(Tr. 22).

The ALJ fails to mention any specific inconsistencies in
Dr. Ellis's opinion or address why he believes it is not
supported by the record. Instead, he makes conclusory
statements about Dr. Ellis's Physical Residual Functioning
Capacity form and his Clinical Assessment form not being
supported by his treatment notes or the record. (Tr. 22) But
these conclusory statements fail to specifically address any
inconsistencies between Dr. Ellis's opinions and his
treatment notes. In fact, the only inconsistencies the ALJ
does seem to point out are the differences in the Claimant's
alleged level of pain and in Dr. Ellis's evaluations. (Tr.
22). But this is not enough to support his decision to
disregard Dr. Ellis's opinion, as he seems to do.

The ALJ also fails to reference many of Dr. Ellis's later
findings in his analysis. Specifically, the ALJ claims that
his examinations are "frequently unremarkable" and focuses on
the findings of Heberden's nodes, the bowing of the Claimant's
legs, and his osteoarthritis being "well managed with non-
prescription pain relivers." (Tr. 22). This analysis fails to
mention Dr. Ellis's assessment on June 18, 2018 which mentions
the further degenerative changes in the Claimant's spine, as

well as his suggestion that the Claimant add Motrin and consider cortisone shots for the pain in his joints. (Tr. 430). The ALJ cannot pick and choose certain portions of an opinion that support his analysis without explaining why he is rejecting others, as he has done so here. *Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004).

The ALJ makes the same error when weighing the opinion of the State Agency medical consultants. (Tr. 22). Although the ALJ provides a more detailed analysis than that of Dr. Ellis's opinion, it is still a generalized statement of their failure "to fully evaluate the effect of all claimant's symptoms and impairments[.]" (Tr. 22). With the ALJ finding that both opinions are not persuasive, it seems he relies only on the objective medical evidence when determining that the Claimant allegations of his pain are not sufficient. (Tr. 21-22). This basis alone is not enough to reject the Claimant's statements regarding his pain level. *Id.; See also* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements").

In an attempt to argue that the ALJ did adequately address the medical opinions, Defendant relies on the ALJ's statement regarding Dr. Ellis's limitations that simply states, "are not well supported by the record as a whole, or even by his own

treatment notes and therefore, and not persuasive." (Tr. 22). They contend that this statement addressed both supportability and consistency, but the ALJ's analysis made no specific references to specific discrepancies in Mr. Ellis's treatment notes or of inconsistent evidence. The Defendant does provide some reasons that it believes supports the ALJ's findings, but the ALJ did not provide these explanations himself. Therefore, this Court cannot adopt these post-hoc explanations to support his findings. *Haga*, 482 F.3d at 1207-08.

Because the ALJ failed to properly assess all medical opinions and provide explanations for the lack of supportability and consistency, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the medical opinions. As for the Claimant's argument that the ALJ erred at Step Five of the analysis, this Court cannot decide this as it cannot reweigh the evidence or provide reasons for the ALJ's decision. *Id.* The ALJ should properly assess the supportability and consistency of the medical opinions on remand and he should determine whether that impacts what work the Claimant can perform.

## Conclusion

The Court finds that the ALJ failed to properly explain why he did not find either medical opinion persuasive, the correct legal standards were not applied, and the decision of the Commissioner is not supported by substantial evidence. Therefore,

this Court, in accordance with the fourth sentence of 42 U.S.C. 405(g), the ruling of the Commissioner of the Social Security Administration should be REVERSED and the case REMANDED for further proceedings.

IT IS SO ORDERED this 3rd day of August, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE